Case 4:25-cv-04629   Document 27   Filed on 10/21/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIKA AZUSENA REYES-LOPEZ,
A#215781147,
  *Plaintiff*,

v.

WARDEN, MONTGOMERY
PROCESSING CENTER, ET AL,
  *Defendant*.

CASE NO. 4:25-cv-4629

# JUDGE PALERMO'S
# REPORT AND RECOMMENDATION AND ORDER[1]

Erika Azusena Reyes-Lopez filed a petition for a writ of habeas corpus, challenging the lawfulness of her detention by Immigration and Customs Enforcement. ECF No. 1. She has also filed a motion for a preliminary injunction. ECF No. 11. For the reasons set forth below, the Court recommends granting in part Reyes-Lopez's petition and ordering the respondents to conduct a bond hearing within 14 days from the date of adoption or release her.

## I.   BACKGROUND.

The parties do not dispute the relevant facts. Reyes-Lopez is a Guatemalan citizen who has lived in the United States unlawfully for over seven years. ECF Nos. 1 ¶ 15; 11 at 11. Reyes-Lopez was placed in removal proceedings, but in 2022, an immigration judge dismissed her removal proceedings without prejudice. ECF

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to this Court. Order, ECF No. 22.

Nos. 1 ¶ 16; 11 at 11. On September 10, 2025, ICE officials apprehended and detained Reyes-Lopez. ECF Nos. 1 ¶ 17, 11 at 11. Reyes-Lopez was served with a new Notice to Appear and is back in removal proceedings—because she cannot request a release on bond,[2] her counsel submitted a request for her release on conditional parole with ICE. ECF Nos. 1 ¶¶ 18, 19; 11 at 11.

On September 29, 2025, Reyes-Lopez filed this petition for a writ of habeas corpus. ECF No. 1. Her petition alleges violations of the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA") against the Secretary of the Department of Homeland Security, Acting Director of Immigration and Customs Enforcement, Field Office Director of Houston Enforcement and Removal Operations, Warden of the Montgomery Processing Center, and warden of Houston Contract Detention Facility. ECF No. 1.[3] The respondents have not yet filed an answer. On October 6, 2025, Reyes-Lopez filed a motion for a preliminary injunction, asking for largely the same relief she asked for in her habeas petition. ECF No. 11. The Court ordered respondents to respond to the motion by October 20, 2025. ECF No. 17. The government opposes the relief requested. ECF No. 25.

---

[2] Reyes-Lopez is being held indefinitely under 8 U.S.C. § 1225(b)(2)(A). ECF No. 1 ¶¶ 29, 30, 31.

[3] In a habeas petition, generally only the "immediate custodian" is the proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.").

## II. PETITIONER IS ENTITLED TO RELIEF.

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *1 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241)). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (quoting *Pizarro Reyes*, 2025 WL 2609425, at *2 (citing 28 U.S.C. § 2243)).

This case is one of numerous recent lawsuits filed "challenging the federal government's authority to detain noncitizens during the pendency of removal proceedings under 8 U.S.C. § 1225(b)." *See id.* at *2 (citing *Roa v. Albarran*, No. 25-cv-7802, 2025 WL 2732923, at *1 (N.D. Cal. Sep. 25, 2025) (describing the "tsunami" of recent similar cases in the Northern District of California) (quoting *Hinestroza v. Kaiser*, No. 25-cv-7559, 2025 WL 2606983, at *2 (N.D. Cal. Sep. 9, 2025)); *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025) (explaining that "[t]his is another case in a recent line of cases concerning the scope of the government's authority to detain noncitizens during the pendency of removal proceedings")).

Two statutory provisions, § 1225 and § 1226, principally govern the detention of noncitizens pending removal proceedings. "Under 8 U.S.C. § 1225(b)(2), otherwise referred to as the 'mandatory detention statute,' a noncitizen 'who is an applicant for admission' shall be detained for a removal proceeding 'if the examining officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Id.* (quoting *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-479, 2025 WL 2783642, at *2 (D. Me. Sep. 30, 2025) (quoting 8 U.S.C. § 1225(b)(2)(A))). "In contrast, under 8 U.S.C. § 1226, the 'discretionary detention statute,' a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination." *Id.* (quoting *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-479, 2025 WL 2783642, at *2).

DHS's "longstanding interpretation" used to be that § 1226, not § 1225, applies to noncitizens like Reyes-Lopez who are already present in the country. *Id.* (quoting *Savane*, 2025 WL 277452, at *5). "In July 2025, however, the Department changed its position." *Id.* (quoting *Savane*, 2025 WL 277452, at *5) (explaining a memo published by the Acting Director of ICE on July 8, 2025). Now, the government applies § 1225 to *all* applicants for admission. *Id.* In the instant case,

4

the IJ agreed that §1225 applied and subsequently denied Reyes-Lopez a bond hearing on jurisdictional grounds. ECF No. 1 ¶¶ 29, 30, 31.

In her petition, Reyes-Lopez argues that § 1226 applies because she does not fall under § 1225 and § 1226 is the statute of general applicability for interior enforcement actions. ECF No. 1 ¶¶ 28, 30, 32, 33. She argues that § 1225 does not apply because she was an alien already present in the United States for seven years prior to her recent ICE detention and her first removal proceeding was dismissed in 2022. ECF No. 1 ¶¶ 30, 31, 32. In response, the respondents argue that: (1) Reyes-Lopez has not exhausted her administrative remedies; and (2) because she is lawfully detained under § 1225, she is not entitled to a bond hearing. ECF No. 25.

"Like the overwhelming majority of courts to consider this issue in the last few months," the Court concludes that Reyes-Lopez "is entitled to at least some of the relief [s]he seeks." *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. As an initial matter, exhaustion does not bar the Court's review "because it is not a statutory requirement in these circumstances." *Id.* (citing *Lopez Benitez v. Francis*, 25 Civ. 5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025)). When a "'legal question is fit for resolution and delay means hardship,' a court may choose to decide the issues itself." *Id.* (quoting *Pizarro Reyes*, 2025 WL 2609425, at *3 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000))). The issue here largely "boils down to a matter of statutory interpretation," which "belong[s]

5

historically within the province of the courts." *Id*. (quoting *Pizarro Reyes*, 2025 WL 2609425, at \*3).[4]

Section 1226, not § 1225, applies to Reyes-Lopez's detention. "As almost every district court to consider this issue has concluded, 'the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades' support finding that § 1226 applies to these circumstances." *Id*. (citing *Pizarro Reyes*, 2025 WL 2609425, at \*4; *Lopez-Arevelo*, 2025 WL 2691828, at \*7 ("In recent weeks, courts across the country have held that this new, expansive interpretation of mandatory detention under the INA is either incorrect or likely incorrect."); *Rodriguez v. Bostock*, No. 3:25-cv-5240, 2025 WL 2782499, at \*1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases and noting that "[e]very district court to address" the statutory question "has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice"); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at \*6 (D. Minn. Oct. 1, 2025) (joining the "chorus" of courts concluding that § 1226 applies)). As in *Buenrostro-Mendez*, the respondents

---

[4] "Other courts faced with similar issues have found that preventing six months or more of unlawful detention (bond determinations typically take six months or more) outweighs the BIA's interest in detaining an individual while his or her bond determination is resolved on appeal." *Id*. (quoting *Pizarro Reyes*, 2025 WL 2609425, at \*3); *see also Lopez-Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at \*6 (W.D. Tex. Sep. 22, 2025) (waiving exhaustion in a similar case because "[t]o wait, indefinitely, for a ruling on that appeal would be inappropriate because it would exacerbate [the petitioner's] alleged constitutional injury—detention without a bond hearing").

have failed to provide controlling authorities or persuasive reasons that would justify reaching a different result.[5]

Section 1226(a), not § 1225(b), applies to Reyes-Lopez.[6] Reyes-Lopez argues that, as part of the relief sought in both her initial habeas petition and separate request for a preliminary injunction, the Court should grant the writ and release her from custody. ECF Nos. 1 ¶ 35; 11 at 24–25. "Many courts have . . . found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner." *See Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Lopez-Arevelo*, 2025 WL 2691828, at *13 (citing *Valasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729, at *9 (collecting cases))). Accordingly, the Court recommends that the District Judge order respondents to either hold a bond

---

[5] The respondents point to the BIA's September 5, 2025, decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF No. 25 at 9–10. "As other courts have recognized, however, this [C]ourt is not bound by *Matter of Yajure Hurtado*'s interpretation of the relevant statutes under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)." *See Buenrostro-Mendez*, 2025 WL 2886346, at *4 (citing *Lepe v. Andrews*, No. 1:25-cv-1163, 2025 WL 2716910, at *4 n.5 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla*, 2025 WL 2688541, at *7–*8; *Salcedo Aceros v. Kaiser*, No. 25-cv-6924, 2025 WL 2637503, at *9 (N.D. Cal. Sep. 12, 2025); *Pizarro*, 2025 WL 2609425, at *6; *Romero-Nolasco v. McDonald*, No. 25-cv-12492, 2025 WL 2778036, at *1 n.3 (D. Mass. Sep. 29, 2025); *Rodriguez*, 2025 WL 2782499, at *26). Like the *Buenrostro-Mendez* court, the Court does not find *Yajure Hurtado* persuasive.

[6] Reyes-Lopez's habeas petition challenges her detention on both statutory and constitutional grounds. ECF No. 1. "[G]iven that the [C]ourt will grant the relief [s]he seeks based on its interpretation of the applicability of § 1226(a)," the Court "will decline to decide the merits" of the due process claim. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4 (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8) ("As was the case for the petitioner in *Pizarro Reyes*, if the respondents fail to provide [petitioner] 'with a bond redetermination hearing or release him within the time allotted,' [petitioner] 'may renew his Fifth Amendment Due Process claim.'").

hearing under § 1226 within 14 days of adoption of this recommendation or release Reyes-Lopez.

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** granting in part Reyes-Lopez's petition for a writ of habeas corpus. ECF No. 1. Respondents must provide Reyes-Lopez with a bond hearing under § 1226(a) within fourteen (14) days of adoption of this Report and Recommendation or release her. The parties are to update the Court on the status of Reyes-Lopez's bond hearing within twenty-one (21) days of adoption.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Reyes-Lopez's motion for preliminary injunction is **DENIED AS MOOT**. ECF No. 11.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on October 21, 2025.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**